# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Martinsburg

**BRIAN DUNCAN,**

        Plaintiff,

    v.                                      Civil Action No. 3:07-cv-57

**MELVIN DALE ULREY, JR.,**
**LEGENDS TRUCKING, LLC,**
**TREX COMPANY, INC.,**
**OTIS GRADY BRADFIELD,**
**MARTHA F. BRADFIELD,** and
**OTIS GRADY BRADFIELD AND**
**MARTHA F. BRADFIELD REVOCABLE**
**TRUST,**

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND

Pending before this Court is the Motion to Remand filed by plaintiff Brian Duncan (Doc. 11). Having reviewed the motion and the memoranda in support thereof and opposition thereto and having reviewed the record in this case, this Court is of the opinion that the motion should be granted.

### Procedural Background

The plaintiff filed this civil action in the Circuit Court of Hampshire County, West Virginia, on April 2, 2007. This case was removed to this Court on the basis of diversity jurisdiction by Melvin Dale Ulrey, Legends Trucking, LLC, and Trex Company, Inc. (the "Trucking Defendants"). Inasmuch as there is not complete diversity among the plaintiff

and all of the defendants, the Trucking Defendants base their removal on the assertion that Otis Grady Bradfield, Martha F. Bradfield and the Otis Grady Bradfield and Martha F. Bradfield Revocable Trust (the "Landowner Defendants") were fraudulently joined as defendants.

## Factual Background

According to the complaint, this lawsuit arises out of an incident on April 3, 2005, when a tree fell and blocked Route 259 in Hampshire County. The plaintiff and others, including fire and power company personnel, were working to remove the tree and debris from the road. Defendant Ulrey is alleged to have crashed through the fallen tree and injured the plaintiff.

## Legal Standard

The standard to be applied in reviewing the motion was set forth by Judge Keeley in *Garvin v. Southern States Insurance Exchange Co.*, 329 F.Supp.2d 756 (N.D. W.Va. 2004), as follows:

> "Typically, an action initiated in a state court can be removed to federal court only if it might have been brought in federal court originally." *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir.2003). The party seeking removal bears the burden of showing that the district court has original jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994); 28 U.S.C. § 1441(a) (2004). "[C]ourts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th

2

Cir.1999). In the Fourth Circuit, removal statutes are narrowly construed *against* removal. ***Schlumberger Indus., Inc. v. Nat'l Sur. Corp.,*** 36 F.3d 1274, 1284 (4th Cir.1994); ***Mulcahey,*** 29 F.3d 148, 151 (4th Cir.1994).

A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a) (2004). An action based on diversity jurisdiction may be removed only if "none of the parties in interests properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (2004). For the federal court to have this original jurisdiction, the citizenship of each plaintiff must be "diverse from the citizenship of each defendant," thereby ensuring "complete diversity." ***Caterpillar Inc. v. Lewis,*** 519 U.S. 61, 68 (1996) (citing ***State Farm Fire & Cas. Co. v. Tashire,*** 386 U.S. 523, 531 (1967)).

To prove a fraudulent joinder, the removing party must show either outright fraud in the plaintiffs' pleadings or jurisdictional facts, or establish that "no possibility" exists for the plaintiffs to bear out a cause of action against the in-state defendant in state court even after resolving all issues of fact and law in their favor. ***Hartley v. CSX Transp., Inc.,*** 187 F.3d 422, 424 (4th Cir.1999) (quoting ***Marshall v. Manville Sales Corp.,*** 6 F.3d 229, 232-33 (4th Cir.1993)). "If there is a real possibility that the plaintiff has stated a cause of action the joinder is not fraudulent and the action should be remanded." ***Rinehart v. Consol. Coal Co.,*** 660 F.Supp. 1140, 1141 (N.D.

3

W.Va.1987). The removing party must prove fraudulent joinder by "clear and convincing evidence." *Id.* (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921)).

329 F.Supp.2d at 758.

"The test for fraudulent joinder is whether there is an arguably reasonable basis for predicting that state law might impose liability on the facts involved. *Continental Oil Co. v. PPG Industries, Inc.*, 355 F.Supp. 1183 (S.D.Tex.1973); *Saylor v. General Motors Corp.*, 416 F.Supp. 1173 (E.D.Ky.1976); *Chevron U.S.A., Inc. v. Aquillard*, 496 F.Supp. 1038 (M.D.La.1980). If there is a real possibility that the plaintiff has stated a cause of action the joinder is not fraudulent and the action should be remanded. *Charest v. Olin Corp.*, 542 F.Supp. 771, (N.D.Ala.1982); *Tedder v. F.M.C. Corp.*, 590 F.2d 115 (5th Cir.1979)." *Rinehart v. Consolidation Coal Co.*, 660 F.Supp. 1140, 1141 (N.D. W.Va. 1987).

### Discussion

The Trucking Defendants in this case rely upon *Chambers v. Whelen*, 44 F.2d 340 (4th Cir. 1930) to demonstrate that there is "no possibility" that the Landowner Defendants could be liable in this case. The *Chambers* decision, written by the venerable Judge Parker, made a prediction that the courts of West Virginia would not impose a duty upon a landowner to inspect trees growing naturally on rural lands. If this case were before this Court upon the merits, after full discovery, this Court would tend to follow the *Chambers* decision. It must be recognized, however, that the *Chambers* decision is almost 77 years old.

4

In addition, there has been no discovery or factual development as to (1) the character of the area; (2) the character of the highway upon which the tree fell; (3) the exact location of the tree in question; (4) the exact posture of the tree prior to its fall; (5) the frequency with which the landowners passed the tree; or (6) whether the landowner had any appreciation of potential danger from the tree.

The Court further notes that the *Restatement (Second) of Torts,* § 363, Subsection (2) provides that "[a] possessor of land in an **urban** area is subject to liability to persons using a public highway for physical harm resulting from his failure to exercise reasonable care to prevent an unreasonable risk of harm arising from the condition of trees on the land near the highway." (emphasis added). The Reporter added a "caveat" to this subsection, stating that "[t]he Institute expresses no opinion as to whether the rule stated in Subsection (2) may not apply to the possessor of land in a rural area."

Later in the Reporter's Notes to § 363, the Reporter cites a number of cases and states that "[t]hese cases appear to indicate that the duty of reasonable care for the protection of travelers against trees exists even in rural areas, but that reasonable care requires less in the way of precautions.

Based upon the foregoing, it is this Court's opinion that the plaintiff should be permitted to conduct discovery on those issues and should be permitted to seek a ruling from the State courts and the West Virginia Supreme Court of Appeals concerning the viability of the *Chambers* rationale in this day and age.

### Conclusion

It is hereby **ORDERED** that the Motion to Remand (Doc. 11) is hereby **GRANTED**

and this case is **REMANDED** to the Circuit Court of Hampshire County for further proceedings.

The Clerk is directed to provide copies of this Order to all counsel of record.

**Dated:** July 11, 2007.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

6